# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

ASHLEY MCGUIRE                              *CIVIL ACTION NO. 6:16-0554

VERSUS                                       *JUDGE DOHERTY

CORVEL ENTERPRISE                            *MAGISTRATE JUDGE HANNA
COMP, INC., ET AL.

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the plaintiff's Motion to Remand this suit to the 13th Judicial District Court for Evangeline Parish, Louisiana.  [rec. doc. 10].  The defendants, Corvel Enterprise Comp, Inc., Hartford Fire Insurance Company and Cline Acquisition Corp. and Ruben Ray Doyle have filed a Response, in which they consent to remand, but oppose the plaintiff's request for attorney's fees and costs. [rec. doc. 12].  Oral argument on the Motion was set for June 28, 2016.

For the following reasons, **IT IS RECOMMENDED** that the plaintiff's Motion to Remand be **GRANTED,** and this lawsuit be remanded to state court.

**IT IS FURTHER RECOMMENDED** that plaintiff's request for costs, expenses and attorney's fees  be **GRANTED,** and accordingly, the plaintiff be awarded $ 2500.00 for the defendants' improper removal of this action. The **oral argument** scheduled for June 28, 2016 is **canceled**.

## BACKGROUND

This lawsuit arises out of a rear end collision between a vehicle driven by the plaintiff, Ashley McGuire ("McGuire"), in which her minor child Keyshawn Fontenot was a passenger, and a Ford F-250 truck driven by Ruben Ray Doyle ("Doyle"), which was allegedly insured by Corvel Enterprises Comp, Inc. or Hartford Fire Insurance Company. McGuire alleges that her vehicle was at a complete stop at a red light when her vehicle was rear-ended by the truck driven by Doyle. [rec. doc. 1, ¶ 3-5]. At the time of the accident, Doyle is alleged to have been in the course and scope of his employment with Cline Acquisition Corp. d/b/a Rexnord Industrial Services. [*Id.* at ¶ 3]. The accident is alleged to have been caused solely by the negligence of Doyle in being inattentive, carelessly operating his motor vehicle, failing to see what he should have seen and do what he should have done. [*Id*. at ¶ 7].

The removing defendants removed the action on April 25, 2016, alleging diversity jurisdiction under 28 U.S.C. § 1332(a). [rec. doc. 1]. The Motion to Remand was filed on May 19, 2016. Plaintiff contends that the removing defendants have not satisfied their burden of establishing diversity jurisdiction under §1332(a) because Louisiana citizen Ruben Ray Doyle has been properly joined as a defendant.

## LAW AND ANALYSIS

"Federal courts are courts of limited jurisdiction.  We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001); *Hussey v. Total Environmental Solutions, Inc.,* 2015 WL 7282073, *2 (W.D. La. 2015).  As a Court of limited jurisdiction, this Court is also obligated to examine the basis of its own jurisdiction *sua sponte*, and accordingly, remand any action where federal jurisdiction is lacking.  *Hussey*, at *2 *citing*  Fed.R.Civ.P. 12(h)(3) and *In re Canion*, 196 F.3d 579, 585 (5th Cir.1999).

**Diversity Jurisdiction**

The removal statute for diversity cases provides in pertinent part:

A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).

In cases which are removed based on diversity, no defendant may be a citizen of the forum state.  28 U.S.C. § 1441(b); *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 469, 473 (1996); *Stutsman v. Great West Cas. Co.*, 2015 WL 5437097,

*2 (W.D. La. 2015).  Thus, when there is a single defendant who is a citizen of the forum state present, removal on the basis of diversity jurisdiction is barred.  *Id*.  In multi-party cases in which diversity is alleged,  a single non-diverse party "destroys original jurisdiction with respect to all claims" in the action. *Exxon v. Allapattah*, 125 S.Ct. 2611, 2617 (2005). *Id.* at 2618.  An exception to the rule of complete diversity applies when a non-diverse defendant is improperly joined in order to defeat the court's diversity jurisdiction. The removing defendant contends that exception should be applicable here.

**Improper Joinder**

It is undisputed that both the plaintiff, Ashley McGuire and defendant, Ruben Ray Doyle, are citizens of Louisiana.  In their Notice of Removal, the removing defendants contend that the presence of Doyle, a non-diverse defendant, should be disregarded because he has been improperly joined as a defendant in this action because he was in the course and scope of his employment with Cline Acquisition Corp d/b/a Rexnord Industrial Services. [rec. doc. 1, pg. 4, ¶ IX].  In its Response to the instant Motion, the removing defendants assert that at the time of removal, Doyle's employment status was "unclear to counsel", so out of an abundance of caution, the action was removed, so as not to lose the ability to do so.  However, because "it appears that Doyle was an independent contractor for

4

Cline" they now concede that Doyle was "properly joined as a defendant in this action." [rec. doc. 12, pg. 2].

The Fifth Circuit has recognized two ways for the removing party to establish improper joinder:  "actual fraud in the pleading of jurisdictional facts," or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Smallwood v. Illinois Central Railroad Company,* 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) *citing Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003) *citing Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999).[1]  The removing party's burden is "heavy."  *Smallwood,*  385 F.3d at 574.  Here, the removing defendants do not contend that there was any fraud in the pleading of jurisdictional facts. The removing defendants, however, focus on the second basis for improper joinder.   In resolving this issue, this court must determine,

> whether the defendant has demonstrated that there is *no possibility of recovery* by the plaintiff against an in-state defendant, which stated differently means that there is *no reasonable basis* for the district court to predict that the plaintiff might be able to recover against the in-state defendant.

*Smallwood,* 385 F.3d at 573 *citing Travis,* 326 F.3d at 648 (emphasis added;

---

[1]In *Smallwood*, while sitting *en banc*, the Fifth Circuit adopted the term "improper joinder" rather than the term "fraudulent joinder" used in prior cases, noting that "there is no substantive difference between the two terms."  *Id.* at 571 fn. 1. The undersigned also prefers the term "improper" joinder.

5

internal citation and quotations omitted).  Where the evidence viewed in the light most favorable to the plaintiff at least raises the possibility that the plaintiff could succeed in establishing a claim against the Louisiana defendant under Louisiana law, remand is required. *Ford v. Elsbury*, 32 F.3d 931, 939 (5th Cir. 1994).

In their Notice of Removal, the removing defendants essentially argue that the citizenship of Ruben Ray Doyle should be ignored because under Louisiana law the plaintiff has no reasonable basis for recovery against him.  In their response, they essentially assert that plaintiff can recover against Doyle because he was an independent contractor as opposed to an employee of Cline.  Both arguments are meritless.

In her Complaint, plaintiff has alleged that Ruben Ray Doyle was driving a 2008 Ford F-250 truck when he rear-ended the plaintiff, who was at a complete stop at a red light.  [rec. doc. 1-2,  ¶ 3 - 5].  Plaintiff further alleges that the accident was caused by the sole negligence of Ruben Ray Doyle in being inattentive, carelessly operating his motor vehicle, failing to see what he should have seen and do what he should have done. [*Id*. at ¶ 7].

Under longstanding Louisiana law, the driver of a vehicle following another vehicle must not follow "more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the

highway." La. R.S. 32:81.  Thus, under Louisiana law, the driver of a motor
vehicle has "a duty not to follow another vehicle more closely than is prudent,
having due regard for the speed of such vehicle and the traffic upon and the
condition of the highway." *Prest v. State Dept. of Trans*., 490 So.2d 659, 662 (La.
App. 2nd Cir. 1986) *citing* La. R.S. 32:81; *See also Triangle Trucking Co. v.
Alexander*, 451 So.2d 638, 642 (La. App. 3rd Cir. 1984) (motorist "owed a duty to
all preceding motorists to maintain a proper outlook for peril ahead and to follow
at a safe speed within adequate following distance.").  In interpreting § 32:81, the
Louisiana Supreme Court has determined that a following motorist who strikes a
preceding motorist from the rear is presumed to have breached the standard of
conduct prescribed in R.S. 32:81 and, hence, is presumed negligent. *Eubanks v.
Brasseal*, 310 So.2d 550, 553 (La.1975).  The Supreme Court then explained that
the burden rests upon the following motorist to exonerate himself. *Id*.  "This
interpretation rests in the settled theory that, where a traffic law is designed to
protect life and property, it is a safety measure, the violation of which is
negligence per se and is actionable if it was a legal cause of the collision." *Id*.
Thus, regardless of whether Doyle was in the course and scope of his employment
at the time of the accident, or whether he was an employee or independent
contractor Cline or any other entity, as the driver of the rear-ending vehicle, he

owed the plaintiff a duty not to travel too closely behind her vehicle so as not to rear end the plaintiff's vehicle.  Further, the fact of that Doyle rear-ended the plaintiff's vehicle renders him negligent *per se*.  The plaintiff therefore has a valid cause of action against Doyle, the alleged negligent tortfeasor.

Viewed in the light most favorable to the plaintiff, the removing defendants have not satisfied their burden of demonstrating that there is no possibility of recovery by the plaintiff against Ruben Ray Doyle. Since Ruben Ray Doyle is non-diverse, this Court cannot exercise diversity jurisdiction over this case.

**Request for Costs, Expenses and Attorney's Fees**

Plaintiff also moves under 28 U.S.C. § 1447(c) for an award of costs, expenses and attorney's fees against the removing defendants for improper removal of this case.  This court has discretion to award costs and expenses, including attorney's fees, incurred as a result of improper removal.  *Martin v. Franklin Capitol Corp.*, 546 U.S.  132, 126 S.Ct. 704, 709 (2005); *Allstate Insurance Company v. Ford Motor Company*, 955 F.Supp. 667, 670 (W.D. La. 1996).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin*, 126 S.Ct. at 711 *citing Hornbuckle v. State Farm*

8

*Lloyds,* 385 F.3d 538, 541 (5th Cir. 2004) and *Valdes v. Walmart Stores, Inc.,* 199 F.3d 290, 293 (5th Cir. 2000). Given the long-standing, well settled law regarding the liability of a rear-ending motorist, which is independent of and in no way depends on the employment status of the motorist/driver, the defendants had no objectively reasonable basis for the removal of this action. Accordingly, plaintiff's request for costs, expenses and attorney fees will be granted. The plaintiff is awarded $ 2500.00 for the defendants' improper removal of this action.

## <u>CONCLUSION</u>

Based on the foregoing, the removing defendants have not carried their burden of establishing that federal diversity jurisdiction exists in this case and that removal was proper. Accordingly, **IT IS RECOMMENDED** that the plaintiff's Motion to Remand be **GRANTED,** and this lawsuit be remanded to state court. **IT IS FURTHER RECOMMENDED** that plaintiff's request for costs, expenses and attorney's fees be **GRANTED,** and accordingly, the plaintiff be awarded $2500.00 for the defendants' improper removal of this action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or**

9

the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 8th day of June, 2016, at Lafayette, Louisiana.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**